**Starlett GILBERT, Petitioner–Appellant,**

v.

**Walter MARTIN, Respondent–Appellee.**

**No. 00–2938.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 5, 2001.*

Decided March 6, 2001.

Before EASTERBROOK, MANION,
and DIANE P. WOOD, Circuit Judges.

ORDER

Indiana inmate Starlett Gilbert filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging the procedures used in a prison disciplinary proceeding in which she was found guilty of refusing to obey the order of a staff member and sanctioned with a verbal reprimand and twenty extra hours of work duty. Specifically, Gilbert asserted that she was not provided with the statement of evidence relied on by the hearing officer and that the statements given by her witnesses were not transferred to a particular state form. The district court dismissed the petition with prejudice, and Gilbert appeals.

 Section 2254 requires that a habeas petitioner be "in custody" under the

---

* The appellee notified this court that he was never served with process in the district court and would not be participating in this appeal, which has thus been submitted without a brief from the appellee. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

conviction or sentence under attack at the time the petition is filed, *see* 28 U.S.C. § 2254(a); *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), but Gilbert is in no sense "in custody" pursuant to the disciplinary sanctions she challenges. Verbal reprimands and additional duties alter the conditions of custody but do not affect its duration. Habeas corpus is the proper avenue for relief only when a prisoner seeks to "get out" of custody in a meaningful sense. *See Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir.1999). Because Gilbert's claims are not cognizable in habeas corpus, we AFFIRM the judgment of the district court. *See Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir.2000) (per curiam).