**Steven U. MOREDOCK,
Plaintiff–Appellant,**

v.

**Frank O'BANNON, et al., Defendants–
Appellees.**

**No. 00–1431.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 17, 2001 *.

Decided Aug. 17, 2001.

---

* The Appellees notified this court that they were not served with process in the district court and would not be participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, EVANS, Circuit Judges.

## ORDER

Indiana prisoner Steven Moredock brought suit under 42 U.S.C. § 1983 alleging principally that Indiana Department of Corrections Superintendent Rondle Anderson and thirteen John Doe defendants denied him access to the courts. Moredock identified the John Doe defendants by job description. The district court dismissed and Moredock appeals. We affirm.

In October 1998 Moredock was a prisoner at the Indiana State Prison in Michigan City, Indiana. He alleges, and for purposes here we accept as true, that after being sentenced to eighteen months' administrative segregation he was denied access to the law library and basic scribe materials (paper, writing instruments, public notary services, and mailing services). As a result, Moredock says, he was unable to continue pursuing a claim he had filed in federal court. The district court dismissed because Moredock failed to identify the John Does and failed to state a claim as to the named defendants. In our de novo

review we evaluate Moredock's allegations in the light most favorable to him, drawing all reasonable inferences in his favor. *Chavez v. Ill. State Police,* 251 F.3d 612, 648 (7th Cir.2001).

On appeal Moredock argues that dismissing the John Does was premature; the district court, he argues, should have allowed him to conduct discovery to learn their names and then to amend his complaint. Moredock is correct that, when a pro se civil rights complaint demonstrates the existence of claims against unnamed individuals, district courts have a duty to help the plaintiff conduct the necessary investigation to determine the identities of the unnamed individuals. *See Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996); *Billman v. Dep't of Corr.,* 56 F.3d 785, 788–90 (7th Cir.1995).

But Moredock failed to state a claim. First, we note that a number of the John Does are not proper § 1983 defendants. For example, Moredock describes two of the John Does as judges who were acting in their judicial capacities. These judges are immune from liability under § 1983. *See Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir.1995). Moredock also includes several of his former attorneys as John Doe defendants. But his attorneys were not acting under color of state law as required under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 317 n. 4, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a public defender does not act under color of state law "when performing the traditional functions of counsel to a criminal defendant"). In any event, Moredock fails to allege that any of the John Does was personally involved in denying him access to the courts, a requisite element of any § 1983 claim. *See Walker v. Peters,* 233 F.3d 494, 498 (7th Cir.2000).

Even if the John Does were all proper defendants, Moredock still would not state a claim for denial of access to the courts because he fails to allege "actual injury" resulting from an inability to pursue a nonfrivolous claim. *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 2179–80, 135 L.Ed.2d 606 (1996); *May v. Sheahan,* 226 F.3d 876, 883 (7th Cir.2000). In his complaint Moredock identifies one lawsuit that he allegedly was prevented from pursuing—*Moredock v. Parke,* No. 96–CV–30. He alleges that he lacked access to the law library and scribe materials and thus could not prepare and timely file a pretrial order in that case. But in fact Judge Miller dismissed that case because Moredock refused to cooperate in finalizing the pretrial order. Indeed, we affirmed that dismissal, expressly rejecting Moredock's contention that he was hampered in pursuing his case by virtue of his confinement in administrative segregation. *See Moredock v. Parke,* 1999 WL 1054598 (7th Cir. Nov.17, 1999). Moredock's attempt to revive the same denial-of-access claim in this case is patently frivolous.

Accordingly, the district court's dismissal is AFFIRMED, and two strikes are ASSESSED against Moredock under 28 U.S.C. § 1915(g). *See Moran v. Sondalle,* 218 F.3d 647, 651–52 (7th Cir.2000).