**Eric W. POIRIER, Plaintiff–Appellant,**

v.

**Steven B. CASPERSON, et al., Defendants–Appellees.**

No. 00–3459.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 15, 2001.*

Decided Aug. 21, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, RIPPLE, DIANE P. WOOD, Circuit Judges.

## ORDER

Wisconsin prisoner Eric Poirier brought this action under 42 U.S.C. § 1983 claiming that Wisconsin prison officials violated his constitutional rights by ignoring his medical needs and temporarily transferring him to a Texas jail. The district court dismissed the case without prejudice because Mr. Poirier failed to exhaust his administrative remedies before filing suit. We affirm the dismissal without prejudice as to the deliberate indifference claim but modify the dismissal to be with prejudice as to the out-of-state transfer claim.

In March 1999, Mr. Poirier began serving a five-year sentence at the Dodge Correctional Institute ("DCI") in Wisconsin. Mr. Poirier had recently been in a serious car accident, and, he says, sustained injuries to his face that required inserting "steel bolts ... to hold his jaw in place" and "steel plates in each cheek to hold his eyes in." He also broke a tooth and his eyeglasses in the accident. Once at DCI Mr. Poirier requested follow-up care for these injuries. Although initially dissatisfied with the medical care at DCI, he had begun receiving care from a "very helpful" prison doctor when, in July 1999, he was temporarily transferred to the Titus County Jail in Mt. Pleasant, Texas.

Mr. Poirier was not satisfied with the medical care he received in Texas, where at first jailers allegedly ignored his requests to see a dentist for tooth pain. A few weeks after he arrived, however, Texas prison officials sent him to a dentist, who removed part of a broken tooth that was lodged in his gum. This relieved his tooth pain, but his request for bridgework on the tooth was considered merely cosmetic and was denied. He also complained that his eyeglasses were the wrong prescription. While in Texas, he wrote several letters to Wisconsin Department of Corrections officials complaining about

both his transfer and Texas' failure to attend to his dental and eye needs. Wisconsin officials directed him to take his complaints to the staff at the Titus County Jail.

On October 26, 1999, Mr. Poirier filed a grievance with the Titus County Jail about his eyeglasses (but not his dental needs). He was told in reply that Wisconsin prison records showed that he recently had an eye exam and that his eyeglass prescription was accurate. He did not challenge that determination through the grievance appeals process at the Texas jail, nor did he initiate a formal grievance in Wisconsin. Instead, on November 12, 1999, Mr. Poirier filed this lawsuit claiming that Wisconsin prison officials violated his due process rights by forcibly transferring him to Texas and then refusing him medical treatment in violation of the Eighth Amendment. He used a form complaint, checking off the boxes indicating that, although there was a grievance procedure available to him, he did not use it.

While this action was pending, in May 2000, Mr. Poirier was transferred back to Wisconsin, this time to the Racine Correctional Institute ("RCI"), where he is currently housed. He alleges that his medical complaints still were not addressed.

In July 2000, the defendants moved to dismiss based on Mr. Poirier's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Poirier asserted in reply that the Wisconsin Inmate Complaint System ("ICRS") was not an appropriate remedy. He attached a letter from a Wisconsin prison official to another Wisconsin inmate housed at the Titus County Jail who had filed a Wisconsin grievance "regarding property concerns at the Titus County Jail." Wisconsin DOC informed the inmate that he should instead use the Texas jail's internal grievance mechanism. Mr. Poirier argued that this proved he did not have an available administrative remedy for his medical complaints.

Nonetheless, on September 11, 2000, the district court dismissed the case without prejudice. The court determined that Mr. Poirier acknowledged in his complaint that he did not exhaust administrative remedies available to him in either state. The court found unavailing Mr. Poirier's argument that the Wisconsin grievance system would have been an ineffective remedy because there is no "futility" exception to the exhaustion requirement of § 1997e(a). After the district court dismissed his case, Mr. Poirier filed a motion to add a claim to the complaint that officials at RCI had denied him access to his legal materials. The proposed claim involved an entirely new set of facts and eleven new defendants. The court denied the motion as moot. That same day, Mr. Poirier filed a timely Notice of Appeal.

On appeal Mr. Poirier argues that he tried to exhaust his administrative remedies but that Wisconsin officials simply "passed the Puck." Alternatively, he argues that he was not required to exhaust his administrative remedies because his claim involved on-going medical issues, which he insists are not subject to the exhaustion requirement. He also raises arguments relating to the merits of his deliberate indifference and out-of-state transfer claims. Last, he argues the merits of his proposed claim regarding access to his legal materials.

Section 1997e(a) provides that "no action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

We note at the outset that this is not the usual failure to exhaust case where a prisoner simply marches off to court without first attempting to resolve his dispute administratively. As a Wisconsin prisoner housed in Texas, Mr. Poirier may have understandably been confused about which grievance procedure to use. Prison officials in both states were unhelpful in this regard. For example, in response to a letter Mr. Poirier wrote to Wisconsin officials about his medical concerns, Dale Poliak, a Wisconsin DOC official responsible for oversight of health care needs of prisoners housed in Texas, advised Mr. Poirier to work with the Texas jail staff on his concerns. When he filed a grievance about his eyeglasses with the Texas jail, however, Mr. Poirier was informed that his medical file from Wisconsin showed that he had a recent eye exam. The Texas jail manager suggested that Mr. Poirier contact Dale Poliak about his concerns. Mr. Poirier did continue to write to Mr. Poliak, but he did not pursue a formal grievance in Wisconsin. Nor did he complete the Texas process.

Nonetheless, Mr. Poirier pleaded himself out of court by acknowledging in his complaint that he did not exhaust his administrative remedies. Both Wisconsin and Texas offer administrative complaint procedures. Wisconsin inmates may complain about living conditions using the Inmate Complaint Review System, through which an inmate submits a written complaint to the institution, receives a written decision, and has a right to appeal an adverse decision. *See* WIS. ADMIN. CODE §§ DOC 310.12, 310.13, 310.14. Texas requires each jail to implement a written plan for inmate grievance procedures to address civil rights violations, restrictions of inmate privileges, and other inmate complaints. 37 TEX. ADMIN. CODE § 283.3. The plan must contain, at a minimum, the creation of a grievance board, time limits for response (which cannot exceed 60 days), a process for granting meaningful relief, and a documented appeals process. *Id.*

■ Mr. Poirier acknowledges that he failed to take advantage of either grievance process. We reject his argument that Wisconsin officials "passed the Puck," thus excusing the need for exhaustion, since he never pursued his Texas grievance past the first step or filed any formal grievance in Wisconsin. We also reject Mr. Poirier's argument that exhaustion was excused because the Wisconsin system would not have afforded relief; there is no "futility" exception to § 1997e(a). *See Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001) (inmate must exhaust administrative remedies under § 1997e(a), even if the ultimate relief sought is not available through the administrative process); *Perez*, 182 F.3d at 536. The only way for a prisoner to know if the administrative system will afford relief is to try, and courts will therefore not engage in "guesswork" over the possible outcome of the administrative process. *Perez*, 182 F.3d at 536. Further, there is no support for Mr. Poirier's contention that ongoing medical complaints are not subject to the exhaustion requirement. To the contrary, as noted in *Perez*, which itself involved medical issues, such complaints are well-suited to administrative remedies. *See id.* at 537–38. The district court thus properly dismissed Mr. Poirier's deliberate indifference claim for failure to exhaust, and we do not reach his arguments on the merits of this claim.

■ Mr. Poirier's claim concerning transfer to the Texas jail is not cognizable, however, and should have been dismissed with prejudice at the initial screening stage. Our cases make clear that a prisoner has no liberty interest in avoiding transfer to another prison, even one located out

of state. *See Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir.2000) ("objection to transfer to privately run, out-of-state prisons would be frivolous"); *Stanley v. Litscher,* 213 F.3d 340, 343 (7th Cir.2000) ("transfer to out-of-state prison ... violates none of [prisoner's] rights"); *Pischke v. Litscher,* 178 F.3d 497 (7th Cir.1999) (Constitution would not be violated by transferring Wisconsin prisoner to out-of-state prison). We thus modify the judgment to dismiss this claim with prejudice.

We do not reach Mr. Poirier's argument about the lack of access to his legal materials, which was not part of his complaint. The district court acted appropriately in denying Mr. Poirier's motion to add an entirely new claim involving eleven new defendants to a suit that had already been dismissed. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir.2001) (district court need not allow an amendment that would be futile).

AFFIRMED as MODIFIED.