Michael R. JENSEN, Petitioner–Appellant,

v.

Judy P. SMITH, Respondent–Appellee.

No. 00–3562.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2001 *.

Decided Sept. 17, 2001.

---

* The appellee notified this court that she was not served with process in the district court and therefore would not be participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. Fed. R.App. P. 34(a)(2).

413

Before Hon. POSNER, Hon. RIPPLE, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Wisconsin inmate Michael Jensen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that Wisconsin's decision to transfer him to a private out-of-state prison violates the Constitution. The district court dismissed Jensen's petition as frivolous. We affirm, but on a different ground.

Jensen's petition rehearses a number of reasons why, in his view, Wisconsin has no authority to transfer him to a private out-of-state prison, including that he was sentenced to serve his time in a *Wisconsin* prison, not an out-of-state facility, the private out-of-state prison is a non-governmental entity and thus has no authority to perform sovereign functions for financial gain, and others along similar lines. At one point in his brief in this court, he hints that Wisconsin should have paroled him rather than transferring him to the out-of-state facility. He did not raise that claim, however, before the district court.

The district court nonetheless chose to construe his § 2254 petition as at least in part asserting a right to be re-

leased from prison, and on that interpretation the court reached the merits of Jensen's claim. In our view, however, the petition cannot support such a generous reading, nor does his off-hand reference to such a theory in his appellate brief entitle him to raise it now. The petition makes clear that Jensen simply does not want to be transferred to an out-of-state facility. This claim, as the district court recognized, is frivolous. See *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir.2000). Furthermore, given the fact that the petition itself contains not a hint of a claim for actual release, it should have been dismissed for a more fundamental reason. Section 2254 is not the proper vehicle for Jensen's claim; he was required to bring it under 42 U.S.C. § 1983. *Pischke*, 178 F.3d at 499–500; *Moran*, 218 F.3d at 650. The fact that Jensen wanted to be "released" from the out-of-state facility (or not placed there) does not mean that he was seeking release from prison in the sense required for a petition under § 2254. *Moran* explained that "[p]risoners who want to be confined in one state rather than another are not demanding immediate (or earlier) *release* and therefore must use § 1983." 218 F.3d at 650; *see also Pischke*, 178 F.3d at 499 (habeas corpus appropriate only if prisoner "seeking to 'get out' of custody in a meaningful sense").

Instead of dismissing Jensen's petition on the merits, the district court should have dismissed it without prejudice. See *Pischke*, 178 F.3d at 500; *Moran*, 218 F.3d at 651. But we warn Jensen that it would be pointless for him to refile his claim under § 1983. *Pischke*, 178 F.3d at 500. Section 1983 suits are subject to the Prison Litigation Reform Act, including its three-strikes provision, 28 U.S.C. § 1915(g), and as we indicated above, both *Pischke* and *Moran* make abundantly clear that Jen-

sen's claim is "thoroughly frivolous." *Pischke,* 178 F.3d at 500; *Moran,* 218 F.3d at 651.

 As a final matter we note that the district court should not have permitted Jensen to appeal *in forma pauperis.* Because the district court found that Jensen's action was frivolous, it should have certified under 28 U.S.C. § 1915(a)(3) that his appeal was taken in bad faith. See *Moran,* 218 F.3d at 651; *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir.2000); see also *Tolefree v. Cudahy,* 49 F.3d 1243, 1244 (7th Cir.1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.").

The judgment of the district court is modified to reflect that the dismissal is without prejudice, and we AFFIRM the dismissal as modified.