Ruven G. SEIBERT, Plaintiff–
Appellant,

v.

Thomas ALT, et al., Defendants–
Appellees.

No. 01–2610.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 21, 2002 *.

Decided March 4, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**310**

---

Before Hon. POSNER, Hon. EASTERBROOK, Hon. RIPPLE, Circuit Judges.

### ORDER

Plaintiff Ruven G. Seibert is confined indefinitely in the Wisconsin Resource Center ("WRC") as a sexually violent person. *See* Wis. St. § 980 *et seq.* He filed a complaint under 42 U.S.C. § 1983 alleging that various employees of the WRC[1] violated both his state and federal rights in numerous ways. The district court granted summary judgment to the defendants, and Mr. Seibert appeals. We affirm.

█ While Mr. Seibert's arguments are not entirely clear, he appears to first argue that the district court erred by granting summary judgment to the defendants on his claim that he was improperly transferred to the F–12 Unit, a "restric-

tive" wing of the WRC, because he would not take part in therapy. To the extent that he is making a procedural due process claim, his argument fails because a detainee has no constitutionally protected interest in being housed in a particular wing of an institution. *Williams v. Faulkner,* 837 F.2d 304, 309 (7th Cir.1988). Furthermore, Mr. Seibert has not provided any evidence to counter the defendants' assertion that he was placed in the F–12 unit for legitimate institutional reasons. The evidence establishes that detainees in the F–12 unit are subjected to more restrictions than other detainees because the patients housed there—those who refuse treatment—present a greater security risk to WRC staff. While involuntarily-committed individuals retain certain liberty rights, decisions made by professionals regarding conditions of confinement are presumptively correct. *Youngberg v. Romeo,* 457 U.S. 307, 324, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). Mr. Seibert has presented no evidence to show that the WRC's placement of patients refusing treatment in a more restrictive unit was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323, 102 S.Ct. 2452.

█ Mr. Seibert next appears to argue that the district court improperly granted summary judgment on his claim that the defendants deprived him of his property

---

1. The defendants in this case are the following: Phillip Macht, the director of the WRC at all relevant times; Diane Fergot, a unit manager at WRC; Barbara Gibberd (incorrectly named as "Barbara Gifford"), a captain at WRC; Seargeant Surprise (incorrectly named as "Sergeant Suprise") and Sergeant Jorgensen (incorrectly named as "Sergeant Gerguson"), whose positions are not clear from the record, and Thomas Alt, the administrator of

WRC. Because Mr. Seibert does not specify in his brief which defendants are responsible for which alleged violation of his rights, we will refer to the defendants collectively. Additionally, defendant Alt was dismissed by the district court because Mr. Seibert's complaint failed to allege any personal involvement on his part in the denial of Mr. Seibert's rights; Mr. Seibert has not challenged this dismissal on appeal.

without due process. When Mr. Seibert returned from a court appearance on one occasion, defendants Surprise and Jorgensen made him remove his outside clothes and put on WRC-mandated clothes. His outside clothes were placed in a plastic bag and sent to be laundered; at some point, however, the clothes were lost.

An individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. *Parratt v. Taylor*, 451 U.S. 527, 540, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However, a pre-deprivation hearing is unnecessary when a person is deprived of property because of "random and unauthorized" actions of state actors for which adequate post-deprivation remedies are available. *Id.* at 541–42, 106 S.Ct. 662; *see also Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending the rule of *Parratt* to intentional deprivations of property). In determining whether alleged conduct was "random and unauthorized," we consider whether the conduct was predictable. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir.1996). Predictability is determined both by the amount of discretion exercised by an official as well as the extent to which that discretion is uncircumscribed. *Id.*

Mr. Seibert identified a WRC policy requiring patients to remove their outside clothes upon reentering the WRC and put on clothes issued by the WRC. According to routine procedure, WRC employees place the patient's outside clothes in a bag and send them back with the patient to his unit to be laundered. Mr. Seibert asserts that the defendants did not follow that procedure in this case, but rather kept his clothing under the pretense that they would send it to be laundered. Mr. Seibert fails to show, however, that the defendants had any discretion, let alone uncircumscribed discretion, in implementing the WRC's policy. There is also no evidence that the defendants were authorized to send his clothes to be cleaned rather than returning them with Mr. Seibert to his unit. Mr. Seibert has additionally failed to show that the loss of his clothing was anything but negligent—the unrebutted evidence shows that the clothes were accidentally lost in the process of being laundered. But whether their actions were intentional or the result of negligence, Mr. Seibert has failed to show that the defendants' conduct was predictable, and it was therefore random and unauthorized.

Mr. Seibert also had available to him adequate post-deprivation remedies. In addition to a prison grievance procedure, Mr. Seibert could have filed suit in the state court under Indiana's Tort Claims Act to recover the value of his clothes. *See* Ind. St. 34–13–3–1 *et seq. See, e.g., Wynn v. Southward*, 251 F.3d 588, 592–93 (7th Cir.2001)(explaining that Indiana Tort Claims Act provides prisoners with adequate post-deprivation remedies for lost property). Because the acts of the defendants were random and unauthorized and Mr. Seibert had adequate state remedies, his claim is barred by the *Parratt–Hudson* doctrine.

■ Mr. Seibert next seems to argue that the district court erred by granting summary judgment to the defendants on his claim that the defendants deprived him of due process when they confiscated his word processor and some disks. The defendants confiscated the word processor and disks during a institution-wide security search of the WRC after gang-related material believed to be created on a computer was found in two patients' rooms. Mario Canzini, the security director of the WRC, determined that such gang-related

materials caused a security threat to the WRC, and he believed that an institution-wide "shakedown" was necessary to maintain security. Mr. Seibert's word processor was returned to him shortly after the shakedown, but the WRC kept his disks because WRC policy prohibits the possession of computer disks by patients.

Mr. Seibert failed to show that the defendants' confiscation of his word processor and disks violated his due process rights. Reasonable restrictions may be placed on a committed individual's due process rights as long as the restrictions do not constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The government may take steps to maintain security at its institutions by ensuring that no weapons or contraband, for instance, reach detainees. *Id.* at 540, 99 S.Ct. 1861. Maintaining security and preserving internal order and discipline are important goals that may permissibly limit or constrict constitutional rights. *Id.* at 546, 99 S.Ct. 1861. Accordingly, prison administrators are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547, 99 S.Ct. 1861. Here Mr. Seibert failed to show that the confiscation of his word processor and disks without a hearing denied him due process. Mr. Seibert did not introduce any evidence to dispute that WRC officials responded to a threat to the institution's security; that the officials' response was reasonably tailored to an important institutional goal; or that their action was proper under the circumstances. Nor has he challenged the propriety of the shakedown as not based on the defendants' professional judgment that a security risk existed from gang-

related materials in the WRC. The defendants' seizure of Mr. Seibert's property without a pre-deprivation hearing was thus reasonable and did not deny his rights. *See Youngberg*, 457 U.S. at 323, 102 S.Ct. 2452.

Mr. Seibert's remaining arguments are either waived for failing to raise them in the district court, *see Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir.2000), or were inadequately developed in his brief, *see Muhich v. Commissioner*, 238 F.3d 860, 864 n. 10 (7th Cir.2001); Fed.R.Civ.P. 28(a)(9)(A), and we need not discuss them.

AFFIRMED