**Anthony J. DOTY, Petitioner–Appellant,**

v.

**Jon E. LITSCHER, Respondent–Appellee.**

**No. 00–4342.**

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002.*

Decided July 11, 2002.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

## ORDER

Anthony J. Doty was convicted of first-degree intentional homicide by a Wisconsin state court. Several years after he began serving his life sentence, the Wisconsin Department of Corrections signed a contract with Corrections Corporation of America to place some of Wisconsin's inmates in CCA's privately run prisons, and transferred Doty to CCA's facility in Whiteville, Tennessee. Doty then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that he should be immediately freed because the U.S. Constitution prohibits Wisconsin from exercising jurisdiction over him after transferring him to an out-of-state facility. The district court denied his petition, and we affirm.

We have already recognized the propriety of Wisconsin's transfer of inmates to private, out-of-state prisons, and we have rejected as frivolous arguments that the practice is unconstitutional. *Pischke v. Litscher*, 178 F.3d 497, 500–01 (7th Cir. 1999).

The district court treated Doty's petition as arising under § 2254, but objections to transfers to out-of-state prisons are really challenges under 42 U.S.C. § 1983. *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir.2000). Doty had the benefit of the warnings we offered both in *Pischke* and in *Moran* against filing challenges to out-of-state transfers as habeas corpus petitions. *Pischke*, 178 F.3d at 500; *Moran*, 218 F.3d at 651–52. Therefore under 28 U.S.C. § 1915(g) he has earned two strikes because both his petition and appeal are "thoroughly frivolous." *Moran*, 218 F.3d at 651–52; *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir.2000); *Pischke*, 178 F.3d at 500.

AFFIRMED.