Willie WARD, Petitioner–Appellant,

v.

Daniel R. MCBRIDE, Respondent–Appellee.

No. 02–1009.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002.*

Decided July 29, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. RICHARD D. CUDAHY, Hon. JOHN L. COFFEY, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

After finding him guilty of selling drugs within the prison, a conduct adjustment board ("CAB") sanctioned Indiana prisoner Willie Ward with the loss of phone privileges for two months, written reprimands, and two years' disciplinary segregation. Ward challenged the CAB sanctions under 28 U.S.C. § 2254, and the district court denied his petition. Because the CAB sanctions affected the severity rather than the duration of his custody, Ward's petition was improperly brought under § 2254. *See Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir.2001); *see also Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir.2000) (state prisoners challenging administrative segregation must use 42 U.S.C. § 1983, not § 2254); *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir.1998) (expressing doubt that challenge to 3 years disciplinary segregation should proceed under § 2254). We note that Ward might have a valid § 1983 claim if, as he claims, he suffered psychological harm from being held for weeks in a cold, perpetually lighted cell. *See, e.g., Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir.1996) (noting detrimental effects of constant illumination); *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir.1996) (reversing grant of summary judgment on Eighth Amendment claim when inmate subjected to bright light 24–hours per day alleged grave sleeping problems and psychological harm).

AFFIRMED.