Harold E. MCCOY, Petitioner–Appellant,

v.

Zettie COTTON Respondent–Appellee.

No. 03–2822.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 2003.*

Decided Oct. 21, 2003.

Rehearing Denied Nov. 17, 2003.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana prisoner Harold McCoy petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that prison officials condemned him to a year in disciplinary segregation for no apparent reason. As best we can tell from his petition, McCoy alleges that the decision to confine him in segregation fit within a larger (and ongoing) conspiracy orchestrated by the Indiana Department of Corrections and others. As McCoy tells it, Department officials hired inmates to kill him and then other prison officials placed him in segre-

ord, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

gation with the hit men. The district court dismissed McCoy's petition with prejudice, and he appeals.

To avail himself of § 2254, McCoy must be "in custody" as a result of the prison action he attacks. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam); *Hadley v. Holmes,* 341 F.3d 661, 664 (7th Cir.2003). He cannot satisfy the custody requirement because disciplinary segregation affects the severity of confinement, but has no effect on its duration. *See Montgomery v. Anderson,* 262 F.3d 641, 643–44 (7th Cir. 2001); *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000). A § 2254 petition is proper only when a prisoner seeks to "get out" of custody in a meaningful sense. *Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir.1999). Because McCoy's placement in segregation does not amount to "custody" for purposes of § 2254, the judgment of the district court is AFFIRMED.