**Ruven G. SEIBERT, Plaintiff–Appellant,**

v.

**Erica SCHEDEL, et al. Defendants–Appellees.**

No. 03–3423.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 9, 2004.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

**ORDER**

Ruven Seibert is currently committed at the Wisconsin Resource Center ("WRC") because he has been deemed a "sexually violent person" by the State of Wisconsin under Wis. Stat. Ch. 980. He sued WRC officials and staff members under 42 U.S.C. § 1983 and related statutes, asserting civil rights claims that may have been raised and dismissed in an earlier suit. *See Seibert v. Alt,* 31 Fed.Appx. 309, 312 (7th Cir.2002) (unpublished order). The district court dismissed his complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2), and we affirm.

Seibert's suit is premised on allegations that his "case file" at the WRC contains false information which he has not been allowed to correct. Specifically, he alleges that his "care plan" lists a first-degree sexual assault that is not included in his

---

* On November 12, 2003, this court granted the appellee's motion for an order of noninvolvement due to lack of service in the district court. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

FBI or Wisconsin conviction records and that the plan inaccurately describes him as "uncooperative and disruptive." He asserts that this false information is used to deny him certain types of psychiatric treatment and to reject his petitions for supervised release. He also alleges that he is not receiving proper psychiatric therapy.

The district court found that Seibert's complaint failed to state a claim. The court reasoned that to the extent Seibert alleged that the use of false information tainted his trial or his supervised release rejections, any such claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). To the extent Seibert challenged the accuracy of particular notations in his care plan, the court observed that Seibert did not have a due process right in particular procedures for supervised release, including information contained in his case file; according to the court, Wisconsin had not created a liberty interest in discretionary release under Chapter 980. And even if Seibert had such a liberty interest, any due process violation could be remedied by Seibert's right to review and respond to the information in his file. The court concluded that his complaint did not raise a constitutional issue.

■ On appeal, Seibert essentially renews the arguments made to the district court in support of his claims. He contends vaguely that he has a liberty interest in "truth to be [written] in his care plan," but such a claim does not implicate any federal or constitutional violation. First, we note that Seibert's claim of false information does not appear to be accurate: he dismisses the plan's description of him as "loud, negative and derogatory" as "untruthful" and "unsubstantiated," yet he concedes that he has twice been reprimanded for infractions of WRC rules listed alternately as "11/26/02 Disruptive" and "12.18.03 Disrespect, Disobeying Orders." But assuming as we must that he cannot correct erroneous information in his plan, his complaint suggests at most a violation of Wisconsin's procedures for correcting treatment records, *see* Wis. Stat. § 51.30(f); Wis. Admin. Code HFS § 92.05, not a violation of the Constitution or federal law. *See J.H. ex rel. Higgen v. Johnson*, 346 F.3d 788, 793 (7th Cir.2003) (violations of state law not actionable under § 1983). The lack of a constitutional or federal violation also dooms any challenge to prison procedures Seibert may have under § 1983. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir.2000). Moreover, although we recognize a liberty interest in not being unnecessarily confined for medical treatment, *see Zinermon v. Burch*, 494 U.S. 113, 131, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (collecting cases), Seibert must bring his claims regarding false information in his case file under 28 U.S.C. § 2254 if he means to challenge the duration or fact of his commitment, *see Duncan v. Walker*, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

■ Seibert also argues that his diagnosis and treatment are incorrect, that WRC's treatment programs are not sanctioned by the United States government or the American Psychiatric Association, and that the defendants coerce him during therapy to admit to crimes that he maintains he is not responsible for–including the conviction upon which his civil commitment is predicated. These arguments, however, also do not implicate any constitutional or federal issue. As the district court correctly noted, a difference in opinion regarding treatment does not give rise to a constitutional violation, *Garvin v. Armstrong*, 236 F.3d 896, 899 (7th Cir. 2001), and Seibert's unsupported charge that his treatment deviates from professional standards is insufficient to disturb our presumption that the decisions of pro-

fessionals regarding the conditions of confinement and treatment are correct, *see Youngberg v. Romeo,* 457 U.S. 307, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). Certainly the conduct he imputes to the WRC does not rise to the level that we found potentially exceptional in *West v. Schwebke,* 333 F.3d 745, 749 (2003) (remanding for consideration on whether WRC's use of seclusion violated detainees' civil rights).

The judgment of the district court is AFFIRMED.