**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008[*]
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4011

| | |
|---|---|
| JOSEPH T. WILLIAMS-BEY, <br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 3:06cv570AS |
| EDWIN G. BUSS, <br> *Respondent-Appellee.* | Allen Sharp, <br> *Judge.* |

**O R D E R**

Joseph Williams-Bey, an inmate at the Indiana State Prison, filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, claiming that his constitutional and statutory rights were violated when the prison chaplain suspended him without notice or a hearing from participating in activities at the prison's religious center. The district court dismissed the complaint, holding that Williams-Bey could not

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2).

challenge this punishment under § 2254 because it did not affect the duration of his detention. The court suggested, however, that Williams-Bey could possibly re-file his claims in an action under 42 U.S.C. § 1983. We affirm.

The facts alleged in Williams-Bey's complaint are sparse. In August 2006 one of the prison chaplains suspended Williams-Bey from participating in all activities at the prison's religious center because of Williams-Bey's conduct toward the chaplain a few days earlier. The complaint does not say what that conduct was. Williams-Bey learned of his suspension in a letter from the chaplain, which he attached to the complaint. The letter said that Williams-Bey would be allowed to participate in activities again if he repented to the chaplain.

After the district court dismissed his habeas corpus petition, Williams-Bey brought this appeal. But he does not address the basis of the district court's dismissal, *i.e.*, that the allegations do not state a claim under § 2254 because his punishment does not affect the fact or duration of his confinement. Instead, Williams-Bey argues the merits of his underlying claims.

Dismissal was proper here. It is well-established that a prisoner who challenges neither the fact nor duration of confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under § 1983 or another federal statute, not a petition for habeas corpus. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Williams-Bey challenges only his suspension from participation in religious programs, which does not implicate the fact or duration of his sentence. *See Bunn*, 309 F.3d at 1007. Therefore, a § 2254 petition was the wrong vehicle for Williams-Bey to challenge his punishment.

Moreover, instead of converting the petition into a § 1983 complaint on Williams-Bey's behalf, the district court properly suggested that Williams-Bey could re-file his claims in a § 1983 action. District courts should not convert a habeas corpus petition into a civil rights complaint, even for a *pro se* petitioner, because important procedural differences exist between the two actions that can have significant consequences for the petitioner's ability to appeal or bring later suits, among other things. *See Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005) (holding that re-characterization is appropriate in only narrow circumstances and outlining different consequences of filing § 1983 and habeas corpus actions); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (same).

AFFIRMED.