**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided December 22, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2009

| | |
|---|---|
| JUDY ANN POWELL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:15-cv-00533-WTL-DML |
| WEBSTER SMITH, | |
| *Defendant-Appellee.* | William T. Lawrence, |
| | *Judge.* |

**O R D E R**

Judy Powell sued Webster Smith, the director of the Indianapolis District Office of the Equal Employment Opportunity Commission, referring obliquely to the EEOC, executive orders, the United States Constitution, and the International Court of Justice. Powell attached to the complaint medical records, an op-ed written by former President Jimmy Carter, correspondence with the EEOC, and other documents. The district court could not discern a plausible federal claim and dismissed the complaint as frivolous and

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

for failure to state a claim under 28 U.S.C. § 1915(e)(2). The court invited Powell to clarify her allegations, but her response failed to cure the identified deficiencies, so the court entered judgment against her.

Powell's brief on appeal does not mention the district court's dismissal of her complaint, much less offer any coherent argument regarding that dismissal. The appeal is therefore dismissed for failing to raise any cognizable argument. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

Two brief notes. First, the district court determined that Powell's suit was frivolous, so it should have certified that Powell's appeal was taken in bad faith and revoked the order authorizing Powell to proceed IFP on appeal. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000). Second, Powell has previously filed frivolous lawsuits. *See Powell v. City*, No. 1:14-cv-00810-RLY-DML (S.D. Ind. May 23, 2014), *summarily aff'd*, No. 14-2363 (7th Cir. 2014); *Powell v. Greystone Corp. Realty*, No. 1:12-cv-01070-WTL-DKL (S.D. Ind. June 19, 2013); *Powell v. State of Indiana*, No. 1:12-cv-01498-TWP-DKL (S.D. Ind. Jan. 24, 2013), *appeal dismissed*, No. 13-1429 (7th Cir. 2013); *Powell v. Travelers Indem. Co.*, No. 1:12-cv-00452-TWP-DML (S.D. Ind. June 5, 2012), *summarily aff'd*, No. 12-2488 (7th Cir. 2012). If Powell continues to file frivolous lawsuits, she risks monetary fines and a possible bar forbidding her from filing any further litigation in any federal court within this circuit. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

DISMISSED.