**Michael C. WARD, Plaintiff–Appellant,**

v.

**John ENGLER, Governor; Michigan Parole Board; Bill Martin; Michigan Department of Corrections; David Kleinhardt, Manager MI Parole Bd.; Stephen Marschke, Defendants–Appellees.**

Nos. 00–1867, 00–1948.

United States Court of Appeals, Sixth Circuit.

March 13, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

Michael C. Ward appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 and a subsequent district court order that certified that an appeal in this case would be frivolous. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Ward filed his complaint in the district court alleging that the Michigan Parole Board improperly denied him and other drug offenders serving life sentences consideration for parole. Plaintiff named as defendants the Michigan Parole Board, the Michigan Department of Corrections and four state officials in their individual and official capacities and sought declaratory and injunctive relief and money damages. The state moved to dismiss the complaint, and plaintiff responded in opposition. The magistrate judge recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. Plaintiff filed a timely notice of appeal docketed in this court as Case No. 00–1867, and the district court entered an order in which it certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a). Plaintiff filed a second notice of appeal docketed in this court as Case No. 00–1948 taken from the district court's certification order.

On appeal, plaintiff essentially contends in Case No. 00–1867 that his challenge to the Michigan Parole Board's actions is cognizable under § 1983. In Case No. 00–1948, plaintiff contends that the district court abused its discretion in certifying that an appeal would be frivolous and not taken in good faith. Defendants respond that the district court properly dismissed plaintiff's complaint and that plaintiff is precluded from proceeding in forma pauperis under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

Upon de novo review, *see Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1239–40 (6th Cir.1993), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed June 22, 2000, adopted by the district court in its order of dismissal filed July 14, 2000. Essentially, plaintiff's claims are not cognizable under § 1983 because plaintiff cannot show that the decision to deny plaintiff consideration for parole was invalidated, and a ruling in plaintiff's favor in this case would necessarily implicate the continued validity of his imprisonment. *See Spencer v. Kemna,*

523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Despite plaintiff's protestations to the contrary, his allegations amount to a claim that the parole decision in his case was wrong rather than a claim that incorrect procedures were used. Finally, this court need not address the merits of the district court's certification that an appeal would not be taken in good faith because the certification has no bearing upon plaintiff's responsibility to pay the appellate filing fee. *See McGore v. Wrigglesworth,* 114 F.3d 601, 610–11 (6th Cir.1997). Therefore, plaintiff's appeal of the district court's certification is unnecessary, and this court need not address that decision. Nonetheless, it is noted that the district court did not abuse its discretion under the circumstances of this case.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.