*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0268P (6th Cir.)
File Name: 02a0268p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

WILLIAM DWIGHT DOTSON,
    *Plaintiff-Appellant,*

v.

REGINALD A. WILKINSON,
Director; JOHN KINKELA; and
MARGARETTE T. GHEE,
    *Defendants-Appellees.*

No. 00-4033

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 00-07303—David A. Katz, District Judge.

Submitted: April 25, 2002

Decided and Filed: August 12, 2002

Before: RYAN, BOGGS, and COLE, Circuit Judges.

———————

**COUNSEL**

**ON BRIEF:** William Dwight Dotson, Lima, Ohio, pro se.

RYAN, J., delivered the opinion of the court, in which BOGGS, J., joined. COLE, J. (p. 10), delivered a separate concurring opinion.

1

---

**OPINION**

---

RYAN, Circuit Judge.   Ohio inmate William Dwight Dotson appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit brought against state prison officials. Dotson's suit challenges the retroactive application of Ohio parole eligibility regulations and claims that the officials' actions denied him due process and violated the Ex Post Facto Clause.   The district court dismissed Dotson's *in forma pauperis* suit, pursuant to 28 U.S.C. § 1915(e), on the grounds that Dotson failed to state a claim upon which relief could be granted and/or that his suit lacked an arguable basis in law or fact.

On appeal, Dotson claims that the district court erred in holding that a challenge to the retroactive application of parole eligibility guidelines is not cognizable under § 1983 because a judgment on the merits would affect the validity of his conviction or sentence.   We find that Dotson's suit is cognizable under § 1983, and therefore we reverse the district court's judgment and remand for further proceedings.

**I.**

Dotson brought this § 1983 action against Reginald A. Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, John Kinkela, Chief of the Ohio Adult Parole Authority, and Margarette T. Ghee, Ohio Parole Board Chairperson. Dotson's *pro se* complaint alleged violations of Fourteenth Amendment due process, U.S. Const. amend. XIV, § 1, and the Ex Post Facto Clause, U.S. Const. art. I, § 10, cl. 1. Dotson proceeded *in forma pauperis* in the district court, pursuant to 28 U.S.C. § 1915.

In July 1981, Dotson was sentenced by an Ohio court to life imprisonment upon conviction for aggravated murder. Dotson alleges that at the time of his conviction, Ohio Rev. Code § 2967.13(B) stated that inmates serving life sentences

---

**CONCURRENCE**

---

R. GUY COLE, JR., Circuit Judge, concurring. Only one legal question is at issue here: whether, as set forth in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the writ of habeas corpus provides the exclusive remedy for petitioner's challenge to the scheduling of his parole hearing. I conclude that the writ of habeas corpus does not provide the exclusive remedy for petitioner's challenge and, for that reason, he may bring a § 1983 action.

The writ of habeas corpus provides the exclusive remedy for challenges that necessarily imply the invalidity of the fact or duration of a prisoner's confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). Here, petitioner appeals only the scheduling of his release hearing. Neither outcome of that decision — rescheduling the hearing or not rescheduling the hearing — necessarily implies the invalidity of petitioner's continued confinement. Thus, because petitioner does not challenge a release decision, the writ of habeas corpus is not petitioner's exclusive remedy and he may challenge it through a § 1983 action. For this reason, I concur in reversing the district court's dismissal.

were eligible for parole after serving 15 years. If not released at the first parole hearing, the Parole Board was required by Ohio regulations to provide the prisoner another hearing within five years. Pursuant to the statute and regulations, Dotson became eligible for parole and received his first parole hearing in 1995, after serving 15 years. He was denied parole at that time, and the board deferred his second hearing for 10 years due to the seriousness of his offense, with a halfway review to be held in five years.

In 1998, three years after Dotson's first parole hearing, Ohio implemented new parole guidelines. The new guidelines determine an inmate's parole eligibility by factoring in the seriousness of the crime of conviction with the inmate's propensity for future criminal behavior and risk to society. Moreover, under the new guidelines, if a prisoner is not released upon his first parole hearing, a second parole hearing can be delayed up to 10 years, with no halfway review required.

Consistent with the earlier regulations, the Parole Board provided Dotson a halfway review on March 10, 2000. The Parole Board determined that the new guidelines applied retroactively and mandated that Dotson would have to serve 390 months (32.5 years) prior to gaining parole eligibility. Dotson's next hearing is scheduled for 2005, at which point he will still be over seven years short of parole eligibility. Based on the Parole Board's application of the new regulations to his sentence, Dotson filed the present suit.

The district court dismissed Dotson's § 1983 claim *sua sponte*, without prior notice to the defendants and prior to the service of process. The district court acted pursuant to 28 U.S.C. § 1915(e), which states:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that—

. . . .

**(B)** the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. 1915(e)(2)(B)(i)-(ii) (West Supp. 2001) (emphasis added).    Screening of a prisoner's *in forma pauperis* complaint "must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2)." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *distinguished on other grounds by Benson v. O'Brian*, 179 F.3d 1014, 1016-17 (6th Cir. 1999). Upon screening Dotson's initial pleading, the district court held that a prisoner's complaint is not cognizable under § 1983 if a judgment on the merits would affect the validity of an inmate's conviction or sentence, unless the conviction or sentence has been previously set aside. Relying on unpublished Sixth Circuit authority, the district court reasoned that Dotson's challenge to his parole eligibility status amounted to a challenge to the Parole Board's decision to deny or revoke parole and that it necessarily questioned the validity of his confinement. The district court also certified, under 28 U.S.C. § 1915(a)(3), that an appeal of the decision could not be taken in good faith.

After receiving Dotson's notice of appeal, the Ohio Attorney General's office sent a letter to the Sixth Circuit Clerk of Court stating that no defendant had been served and that it had received no request for representation. Therefore, the Attorney General did not file a brief.

## II.

We review *de novo* the district court's judgment dismissing a suit for failure to state a claim pursuant to § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000); *McGore*, 114 F.3d at 604. We view all the facts alleged in the complaint, as well as any inferences reasonably drawn

We are persuaded that these courts have reached the correct result. Therefore, our unpublished decisions notwithstanding, we now join our sister circuits and hold that when a prisoner challenges his parole eligibility, and the challenge does not necessarily affect the duration of his confinement, the suit is cognizable under § 1983. Dotson's suit, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, [and so] the action should be allowed to proceed." *Heck*, 512 U.S. at 487. A suit seeking reinstatement of a prisoner's parole eligibility is not a "challenge to the fact or duration of his confinement." *Preiser*, 411 U.S. at 489.

Ohio has a completely discretionary parole system. Ohio Rev. Code § 2967.03; *State ex rel. Blake v. Shoemaker*, 446 N.E.2d 169, 170 (Ohio 1983) (*per curiam*). Merely granting Dotson parole eligibility does not affect the duration or validity of his sentence. As the D.C. Circuit phrased it, Dotson's requested relief would only get him "in the door." Admittedly, whether Dotson is eligible for parole has, what could be termed, a "qualitative effect" on his sentence—a sentence served with parole eligibility is more desirable than one without. Nevertheless, as early as *Preiser* the Supreme Court held that the determination of whether a suit is cognizable under § 1983, or more properly heard pursuant to the *habeas* statutes, turns on whether the "prisoner is challenging the very fact or duration of his physical imprisonment." 411 U.S. at 500. The duration of Dotson's imprisonment will not necessarily be affected if he gains parole eligibility.

## III.

The district court erred in holding that Dotson's challenge to his parole eligibility was not cognizable under § 1983. Therefore, we **REVERSE** the district court's judgment and **REMAND** for further proceedings.

prisoner's sentence, and a challenge to the decision is not cognizable under § 1983. However, Dotson is not challenging the denial or revocation of parole. Instead, he challenges whether the Parole Board properly revoked his *eligibility* for parole, and that determination will have no immediate effect on his sentence.

Other circuits that have examined the "intersection" of *habeas* and § 1983 have recognized this distinction. The District of Columbia Circuit held that a § 1983 prisoner suit for injunctive relief need not have been filed as a petition for a writ of *habeas corpus* when it only sought reinstatement of the prisoner's parole eligibility. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055 (D.C. Cir. 1998). The court concluded that because D.C. parole decisions are entirely discretionary, had the petitioner succeeded in his suit "he would have earned nothing more than a 'ticket to get in the door of the parole board.'" *Id.* at 1056. The court went on to note that "a majority of our sister circuits have held that challenges to state parole procedures whose success would not necessarily result in immediate or speedier release need not be brought in habeas corpus." *Id.* at 1055-56. In a suit concerning prisoners' reassignment from administrative segregation, the Fifth Circuit stated that "[i]f a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal quotation marks, ellipsis, alterations, and citation omitted). Because the prisoner's suit "would merely enhance eligibility for accelerated release[, the] . . . suit is properly characterized as a § 1983 suit." *Id.* at 821 (internal quotation marks and citation omitted). Finally, the Ninth Circuit, in *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), held that prisoners' challenges to their sexual offender classification should proceed under § 1983 because the result rendered would determine their eligibility for parole and would not "necessarily shorten their prison sentences by a single day." *Id.* at 824; *see Moran v. Sondalle*, 218 F.3d 647 (7th Cir. 2000) (*per curiam*); *Metheny v. Hammonds*, 216 F.3d 1307 (11th Cir. 2000), *cert. denied*, 531 U.S. 1196 (2001).

therefrom, in the light most favorable to the plaintiff. *Brown*, 207 F.3d at 867. Furthermore, we read *pro se* complaints liberally. *Thaddeus-X v. Blatter*, 175 F.3d 378, 384 n.2 (6th Cir. 1999) (*en banc*).

Dotson argues that he is not challenging the validity of his conviction or sentence. Instead, he contends, he is challenging the procedures used by the defendants to determine his parole eligibility. The only relief he is seeking is an injunction ordering a new parole eligibility hearing, which would not affect the duration of his sentence or validity of his conviction. He also argues that the cases relied on by the district court concern parole revocation and sentence calculation, not the "parole-release determinations procedures."

A review of Supreme Court authority demonstrates the merit of Dotson's argument. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a class of state prisoners brought suit under § 1983 seeking injunctive relief and challenging the revocation of good-conduct-time credits that would have shortened their sentences. *Id.* at 476. After comparing the *habeas* statutes, 28 U.S.C. §§ 2241 and 2254, with 42 U.S.C. § 1983, the Supreme Court held that "when a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500 (emphasis added).

The Court revisited the "intersection" between the *habeas* statutes and § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), and considered "whether money damages premised on an unlawful conviction could be pursued under § 1983." *Id.* at 480 n.2. While acknowledging that *Preiser* did not directly bar the suit, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been

invalidated. *Id.* at 482, 486-87 (footnote omitted). Thus, when examining a prisoner's § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Earlier in the *Heck* opinion, the Court had analogized the plaintiff's suit to the tort of malicious prosecution and held that in order to proceed with such a claim the "termination of the prior criminal proceeding" must first be proven. *Id.* at 484. Nevertheless, if the "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487 (emphasis in original).

Finally, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court considered "whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983." *Id.* at 643. The Court reversed the Ninth Circuit, which had held that Balisok's suit was cognizable under § 1983 because it was a challenge to the *procedures* by which the credits were denied. The Supreme Court noted "that the nature of the challenge to the procedures *could be* such as necessarily to imply the invalidity of the judgment." *Id.* at 645 (emphasis added). The Court "conclude[d], therefore, that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.* at 648.

As the holdings of these three cases indicate, only prisoner challenges under § 1983 that "necessarily imply" the invalidity of the conviction or challenge the duration of the physical imprisonment are not cognizable. Six years after handing down *Preiser*, the Supreme Court heard a § 1983 challenge to discretionary parole procedures in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 4 (1979). The Court did not analyze whether the suit was more properly filed as a *habeas* petition, but, instead,

examined Nebraska's method for determining a prisoner's parole eligibility for compliance with due process. In still another case, the Court concluded, in *dicta*, that *Heck* and *Edwards* stand only for the proposition that if a prisoner seeks relief for the use of "the wrong procedures, not for reaching the wrong result, and if that procedural defect did not necessarily imply the invalidity" of the conviction or sentence, the suit is cognizable under § 1983. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks and citations omitted).

This circuit has not issued a published opinion considering whether a prisoner's § 1983 challenge to the procedures employed in *parole eligibility* determinations is non-cognizable. Nonetheless, a number of unpublished decisions in this circuit suggest that challenges to a prisoner's parole eligibility are not cognizable under § 1983. For example, in *Ward v. Engler*, Nos. 00-1867/1948, 2001 WL 278683 (6th Cir. March 13, 2001) (unpublished disposition), a panel of this court reviewed a suit alleging that the Michigan Parole Board improperly denied prisoners serving life sentences "consideration for parole." *Id.* at *1. The court held that "[d]espite plaintiff's protestations to the contrary, his allegations amount to a claim that the parole decision in his case was wrong rather than a claim that incorrect procedures were used." *Id.* In the case before us today, the district court cited *Chandler v. Michigan Parole Board*, No. 99-1119, 2000 WL 875771 (6th Cir. June 20, 2000) (unpublished disposition), for the proposition that challenges to the denial or revocation of parole necessarily affect the validity of the inmate's continued confinement and are not cognizable under § 1983. *Id.* at *1; *see Coleman v. Ohio Adult Parole Auth.*, No. 99-4516, 2000 WL 1871680, at *3 (6th Cir. Dec. 11, 2000) (unpublished disposition); *Phillips v. Coleman*, No. 98-4131, 1999 WL 776189, at *1-2 (6th Cir. Sept. 20, 1999) (unpublished disposition). While the district court's finding is an accurate restatement of the law of *Edwards* and *Heck*, ultimately it is inapposite to Dotson's suit because it fails to appreciate the nature of Dotson's challenge. Clearly, the decision to grant a prisoner parole affects the duration of that