**James Lee ROSS, and Sakee Ali Nasir–Bey, Plaintiffs,**

v.

**Robert E. SNYDER, and Marlene Lichtenstandter, Defendants.**

No. CIV.A.01–346–SLR.

United States District Court, D. Delaware.

Oct. 22, 2002.

James Lee Ross, Smyrna, DE, pro se.

Sakee Ali Nasir-Bey, Smyrna, DE, pro se.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

Plaintiffs James Lee Ross, SBI # 174077, and Sakee Ali Nasir–Bey, SBI # 077915, *pro se* litigants, are presently incarcerated at the Delaware Correctional Center ("DCC") located in Smyrna, Delaware. Plaintiffs filed this action pursuant

to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## I. STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the court must determine whether each plaintiff is eligible for pauper status. On May 24, 2001, the court granted each plaintiff leave to proceed *in forma pauperis* and ordered each plaintiff to file a certified copy of his trust account summary within thirty days from the date the order was sent. On August 6, 2001, the court ordered plaintiff Ross to pay $7.66 as an initial partial filing fee and plaintiff Nasir–Bey to pay $7.81 as an initial partial filing fee. Plaintiff Nasir–Bey paid $7.81 on August 23, 2001. On September 20, 2001, the court granted plaintiff Ross a thirty day extension of time to pay the $7.66 initial partial filing fee. Plaintiff Ross paid the $7.66 on September 28, 2001.

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).[1] If the court finds plaintiff's complaint falls under any of the exclusions listed in the statutes, then the court must dismiss the complaint.

■ When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1), the court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Probation and Parole*, No. 96–7923, 1997 WL 338838 (E.D.Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).[2] As discussed below, plaintiffs's

---

1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the redesignation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L.No. 14–134, 110 Stat. 1321 (April 26, 1996).

claims have no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

## II. DISCUSSION

### A. The Complaint

Plaintiffs allege that the 1992 changes to the State of Delaware parole procedures violate their right to due process and equal protection under the Fourteenth Amendment. (D.I. 3 at 2) Plaintiffs also allege that the challenged parole procedures violate the Ex Post Facto Clause. (*Id.*) Finally, plaintiff Ross individually alleges that both defendants violated his civil rights by failing to allow him to appear before the Delaware Board of Pardons and Parole ("the Board") in October 1995. (*Id.* at 6)

Plaintiffs request that this court issue a declaratory judgment finding the challenged parole procedures unconstitutional. They also request that each plaintiff be awarded compensatory damages in the amount of $20,000, nominal damages in the amount of $10,000 and any other relief the court deems appropriate. In the alternative, the plaintiffs request that the court order their immediate release. (*Id.* at 6–8)

■ On January 2, 2002, plaintiff Ross filed a letter motion requesting that the court intervene on his behalf and direct the DCC business office to lift a "freeze" placed on his trust account. (D.I. 19) On September 30, 2002, the court issued an order denying the motion as moot because it appeared that the freeze had been lifted from his trust account. (D.I.21) October 8, 2002, plaintiff Ross filed a letter motion requesting reconsideration and arguing that his complaint should not be dismissed because he has not paid the full filing fee. (D.I. 23 at 2–3) Clearly, plaintiff Ross does not understand the court's order dated September 30, 2002. The court merely de-

nied plaintiff's motion for intervention and did not rule on the merits of the complaint. However, because the court finds that the complaint is frivolous, plaintiff's motion shall be denied as moot.

### B. Analysis

■ "The line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). In this case, plaintiffs have confused the line between the writ of habeas corpus and a civil rights claim under § 1983 by requesting both damages and release from confinement. Clearly, both plaintiffs are challenging a change in parole procedures. Section 1983 is the appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 498, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Dotson v. Wilkinson,* 300 F.3d 661 (6th Cir.2002); *Moran v. Sondalle,* 218 F.3d 647 (7th Cir. 2000); *Herrera v. Harkins,* 949 F.2d 1096 (10th Cir.1991); *Johnson v. Pfeiffer,* 821 F.2d 1120, 1123 (5th Cir.1987).

### 1. Plaintiffs' Due Process Claims

■ Plaintiffs allege that the 1992 amendment to the Delaware parole statute violates their right to due process because the amendment extends the time between parol reconsideration hearings. (D.I. 3 at 4) The mere existence of a parole system does not create a liberty interest protected by the Due Process Clause. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 4, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "Liberty interests protected by the Fourteenth Amendment may arise from two sources— the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S.

460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The Supreme Court has explained that liberty interests protected by the Due Process Clause are limited to "freedom from restraint" which imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 483–84, 115 S.Ct. 2293. Being required to wait a longer period of time between parole hearings does not create an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*

■ Furthermore, the Delaware parole statute does not create a liberty interest in parole. Rather, the statute authorizes the Board to reduce a prisoner's minimum term of parole eligibility, "when the Board is satisfied that the best interests of the public and the welfare of the person will be served by such reduction." 11 Del. C. Ann. § 4346(b). Clearly, the Board has broad discretion in granting or denying parole. Plaintiffs have, at most, an expectation that they may at some time be released on parole if the Board determines that their release is in the best interests of society, as well as the best interests of the individual plaintiff.

Neither the Fourteenth Amendment Due Process Clause, nor the Delaware parole statute grant plaintiffs a protected liberty interest. Consequently, plaintiffs' Fourteenth Amendment due process claim has no arguable basis in law or in fact. Therefore, the court shall dismiss this claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

### 2. Plaintiffs's Equal Protection Claims

■ Plaintiffs allege that the 1992 amendment to the Delaware parole statute violates their right to equal protection under the Fourteenth Amendment. (D.I. 3 at 3) However, prisoners are not a protected class, and their claims under the Equal Protection Clause are analyzed under the less strict rational relationship standard. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir.2001). Furthermore, plaintiffs do not allege differential treatment between themselves and some other group of prisoners. Nor do they allege that the Board has drawn any distinctions between different groups of prisoners. In fact, all Delaware prisoners are subject to the same standards for parole as plaintiffs. Consequently, plaintiffs' Fourteenth Amendment equal protection claim has no arguable basis in law or in fact. Therefore, the court shall dismiss this claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

### 3. Plaintiffs's Ex Post Facto Claims

■ Plaintiffs argue that the 1992 amendment to the parole statute violates the Ex Post Facto Clause. In order to violate the Ex Post Facto Clause, a change in the law must increase an individual's punishment beyond what was prescribed when the crime was committed and lack fair notice to the individual regarding the change. *Weaver v. Graham*, 450 U.S. 24, 29–30, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Nothing in the Delaware parole statute increases the punishment prescribed for an offense. Consequently, plaintiffs' claim that the 1992 changes to the Delaware parole statute violate the Ex Post Facto Clause has no arguable basis in law or in fact. Therefore, the court shall dismiss this claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

### 4. Plaintiff Ross's Requested Habeas Corpus Relief

■ Finally, plaintiff Ross alleges that the defendants denied him a parole hearing in 1995. It appears that plaintiff Ross is actually challenging his denial of parole

in 1995. To the extent that plaintiff Ross is challenging the duration of his sentence, his sole federal remedy is by way of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. at 475, 93 S.Ct. 1827. Furthermore, plaintiff Ross cannot request relief under § 1983, unless he proves that the sentence he is challenging has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In this case, plaintiff Ross has not proved that his sentence was reversed or invalidated by any means required under *Heck.* Therefore, to the extent that plaintiff Ross is challenging the duration of his sentence, the court shall dismiss his claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1). However, such dismissal shall be without prejudice to plaintiff's filing a petition for writ of habeas corpus.

NOW THEREFORE, at Wilmington this 22nd day of October, 2002, IT IS HEREBY ORDERED that:

1. Plaintiff Ross's "Motion for Reconsideration" (D.I.23) is DENIED as moot.

2. Plaintiffs's Fourteenth Amendment due process claim is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

3. Plaintiffs's Fourteenth Amendment equal protection claim is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

4. Plaintiffs's claim that the 1992 amendment to the Delaware parole statute violates the Ex Post Facto Clause is DISMISSED as frivolous pursuant to · 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

5. To the extent that plaintiff Ross is challenging the duration of his sentence, the claim is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).