DECISION
{¶ 1} Relator, Quincy Watson, has filed this original action asking this court to issue a writ of mandamus against respondent, Ohio Adult Parole Authority, compelling respondent to provide a new parole hearing in which it refrains from using the parole guidelines implemented in 1998, using instead the standards in effect when relator was convicted. Respondent filed a motion to dismiss.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that this court should dismiss this action based upon relator's failure to state a claim on which relief in mandamus can be granted.
 {¶ 3} No objections have been filed to the decision of the magistrate.
 {¶ 4} Finding no error or other defect on the face of the decision of the magistrate, pursuant to Civ.R. 53, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, this action is dismissed.
Action dismissed.
Bowman and Klatt, JJ., concur.
 MAGISTRATE'S DECISION {¶ 5} In this original action in mandamus, relator, Quincy Watson, asks the court to issue a writ compelling respondent, Ohio Adult Parole Authority ("APA"), to hold a parole hearing immediately to evaluate his eligibility for parole according to the standards used at the time of his conviction, not the new parole guidelines implemented March 1, 1998. On April 18, 2003, respondent filed a motion to dismiss pursuant to Civ.R. 12(B), and the magistrate recommends that the court grant respondent's motion.
Procedural History and Relator's Allegations:
 {¶ 6} 1. After filing his complaint, relator filed documents that are not certified or stipulated as evidence. However, for purposes of this motion to dismiss under Civ.R. 12(B), the magistrate treats the documents as further allegations of the complaint, accepting the copies as accurate for the purposes of the present motion.
 {¶ 7} 2. In his complaint, relator asserts that, in 1992, he was convicted of involuntary manslaughter, felonious assault, and discharging a firearm, for which he was sentenced to an indefinite term of imprisonment of seven to 25 years, with a three-year firearm specification. Relator is currently at the Mansfield Correctional Institution.
 {¶ 8} 3. On March 1, 1998, the APA implemented new parole guidelines for parole eligibility.
 {¶ 9} 4. In May 2001, the APA conducted a parole hearing for relator in which it applied the new parole guidelines implemented in March 1998.
 {¶ 10} 5. Relator filed the parole board's decision, a three-page document setting forth the board's determination of relator's parole status pursuant to the hearing on May 23, 2001, including the determination of relator's "Criminal History/Risk Score," his "Guideline Range," his total time served, and the board's final rating of relator as a Category 9. Among other things, the decision describes a new conviction on May 11, 1994, for assault with a weapon when relator stabbed another inmate 14 times with a nail, causing injuries including a punctured lung. Further, on or about October 20, 1995, relator was convicted again of assault, when he struck a handcuffed inmate several times. The decision also describes a disciplinary infraction. Last, the decision notes that, in regard to the crime for which he was convicted, relator had caused physical harm to the victim by discharging a firearm into the victim's upper thigh and that he was serving a sentence for multiple offenses.
 {¶ 11} 6. Pursuant to the May 2001 hearing, relator was denied parole at the end of his minimum sentence.
 {¶ 12} 7. Relator contends that the new parole guidelines are null and void, and that the APA unlawfully applied them in his hearing, pursuant to Poluka v. Ohio Adult Parole Auth. (Mar. 29, 2003), Franklin C.P. No. 00CV-7676. Relator states that in Poluka, the common pleas court ordered the APA to evaluate the inmate according to the parole standards used before the implementation of the new guidelines because the new guidelines were null, void, and unenforceable because they were not promulgated properly as administrative rules.
Conclusions of Law:
 {¶ 13} Relator seeks a writ of mandamus compelling respondent to provide a new parole hearing in which it refrains from using the parole guidelines implemented in 1998, using instead the standards in effect when relator was convicted.
 {¶ 14} In considering the motion to dismiss, the magistrate treats all factual allegations of the complaint as if proven and makes all reasonable inferences in favor of relator. See Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190. The magistrate treats relator's documents as additional allegations of the complaint and accepts them as such.
 {¶ 15} For a writ of mandamus to issue, relator must establish the following: that relator has a clear legal right to the relief requested; that respondent was under a clear legal duty to perform the requested act; and that relator had no plain and adequate remedy at law. E.g.,State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. A writ cannot issue to control the respondent's exercise of discretion, but it can be issued to compel a public officer to engage in the exercise of discretion when there is a clear legal duty to do so. State ex rel. Martin v.Corrigan (1986), 25 Ohio St.3d 29.
 {¶ 16} Relator has filed a brief in which he relies on Poluka,
supra. In addition, relator has attached to his brief copies of the decisions in Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719, and Dotson v. Wilkinson (6th Cir. 2002), 300 F.3d 661. The magistrate concludes that none of these decisions warrant the issuance of the requested writ.
 {¶ 17} First, the common pleas court's decision in Poluka has been reversed. In Poluka v. Ohio Adult Parole Auth. Franklin App. No. 02AP-484, 2003-Ohio-153, this court concluded that "the parole guidelines are not administrative rules and need not be promulgated in accordance with the Administrative Procedure Act," and accordingly held that "there was no legal basis for the trial court to declare the parole guidelines void and that determination must be reversed." Thus, relator's argument that respondent has a legal duty based on Poluka to refrain from applying the parole guidelines is not well taken.
 {¶ 18} In addition, the decisions in Layne and Dotson, supra, do not support granting a writ based on this complaint. In Layne, the issue before the court was the APA's practice of calculating the offense category based in part on an inmate's alleged criminal activity rather than limiting the offense category to those offenses for which the inmate was actually convicted:
 {¶ 19} "In each of the cases before us, the APA assigned the inmate an offense category score, not on the basis of the offenses of conviction, but, rather, on alleged criminal activity. Specifically, at Layne's parole hearing, the APA assigned Layne an offense category score for kidnapping despite the fact that the offense of kidnapping, while charged in the original indictment, was subsequently dropped by the prosecutor in exchange for Layne's plea. In Houston's case, the APA placed him in a higher offense category based in part on its conclusion that Houston had committed an attempted rape. Houston was neither charged with nor convicted of attempted rape. Finally, Lee was given the highest offense category score by the APA, 13, for allegedly committing an aggravated murder even though he was convicted of involuntary manslaughter. The result in each case was that substantially more time was required to be served before the inmate could be considered for release on parole than would have been required had each inmate been assigned scores according to their offenses of conviction. * * *" Id. at ¶ 24.
 {¶ 20} In the present complaint, however, relator's factual allegations do not include an assertion that the APA, in calculating the offense category, considered alleged offenses for which there was no conviction. According to the copy of the parole decision presented by relator, the APA considered two new convictions that occurred during the incarceration as well as a disciplinary infraction that occurred during the incarceration, and also considered the circumstances of the offenses for which he had been convicted initially.
 {¶ 21} The magistrate compares the items considered in the board's decision with relator's allegations as to the facts. In his complaint, relator states that he was convicted of involuntary manslaughter, felonious assault, and discharging a firearm, and that he was sentenced to an indefinite term of seven to 25 years plus a three-year firearm specification. These allegations are consistent with the description set forth in the board's decision that claimant was convicted of having shot his victim in the upper thigh and sentenced for "multiple offenses." With respect to the board's consideration of two additional convictions while incarcerated, plus a disciplinary violation, the magistrate notes that relator makes no allegation at all in regard to these statements in the board's decision. Relator does not assert that the board's description was wholly false or even partly incorrect. In sum, the complaint does not allege that APA based its decision on arrests or charges that were mere allegations of offenses. Thus, although the Layne decision is attached to relator's brief, that decision does not apply to the facts as alleged.
 {¶ 22} In Dotson, supra, an inmate appealed the trial court's dismissal of his action under 42 U.S.C. § 1983, and the sole issue on appeal was whether the trial court erred in holding that the inmate's challenge to the application of the parole eligibility guidelines was cognizable under Section 1983. The court did not reach the question of whether the guidelines had been lawfully or unlawfully applied. The court held only that the inmate's suit was cognizable under Section 1983, and it reversed and remanded for further proceedings. In the present action, however, relator has made no claim pursuant to 42 U.S.C. § 1983, andDotson does not apply.
 {¶ 23} The magistrate concludes that relator has not stated a claim on which relief in mandamus can be granted. See Civ.R. 12(B)(6). Accordingly, the magistrate recom-mends that the court grant respondent's April 18, 2002 motion to dismiss.