[Cite as *State ex rel. Stith v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-7867.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Harold Stith,      :

        Relator,      :

v.      :

                             No. 15AP-1079

Ohio [Department] of Rehabilitation &      :
Correction, Director Gary Mohr,              (REGULAR CALENDAR)
Ohio Adult Parole Authority,      :
Ohio Adult Parole Board, Chair,
and Operation Support Center,      :

        Respondents.      :

D E C I S I O N

Rendered on November 22, 2016

*Harold Stith*, pro se.

*Michael DeWine*, Attorney General, and *B. Alexander Kennedy*, for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Harold Stith, brings this original action seeking a writ of mandamus ordering respondent Ohio Department of Rehabilitation and Corrections ("DRC") to grant him "another parole hearing at which he is given 'meaningful consideration' of his positive rehabilitative conduct and programming." (Compl. at 7.)

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who rendered a decision, which is appended hereto. The magistrate found that in July 1995, relator was sentenced to 22

years in prison. On November 2, 2010, appellant had his first parole hearing before DRC's Ohio Adult Parole Authority ("Parole Board"). The Parole Board denied parole and continued appellant's next parole hearing to March 21, 2013, 29 months later. As a result of the March 21, 2013 hearing, the Parole Board denied parole and continued appellant's next parole hearing for 59 months, 30 months longer than the prior continuance.

{¶ 3} In his complaint, relator alleges that the Parole Board abused its discretion by failing to provide meaningful consideration of his parole eligibility during the March 21, 2013 hearing. Specifically, relator claims that the Parole Board failed to give proper consideration to his "additional program participation/completions and positive institutional behavior." (Compl. at 6.) The magistrate specifically addressed relator's argument and rejected it. Accordingly, the magistrate recommended that we grant DRC's motion to dismiss relator's petition.

{¶ 4} Relator has filed the following objections to the magistrate's decision:

> 1). Magistrate has mis-characterized Relator's claim and Argument.
>
> 2). Magistrates' Decision does not apply analytical/ethical jurisprudence required in the evaluation and determination of Relator's claims and issues.
>
> 3). Magistrates' denial of Relator's motion for joinder was flawed and contrary to the rules of Civil Procedure.
>
> 4). Magistrates' assessment/determination that Relator has an [alternative] adequate remedy at law through the pursuit of an action under U.S. 1983 is flawed and not legally sound.

(Sic passim.)

## A. First and Second Objections

{¶ 5} Because relator's first and second objections raise the same argument, we will consider them together. In relator's first and second objections, relator claims that the magistrate erred by failing to specifically address his contention that DRC abused its discretion by continuing his third parole hearing for 59 months. Relator argues that because the Parole Board indicated that relator had either participated in or completed

additional programs and had demonstrated positive institutional behavior, the Parole Board abused its discretion by continuing his next hearing for 59 months. We disagree.

{¶ 6} Although the magistrate did not expressly address the length of the continuance, the magistrate did conclude that the Parole Board decision reflects adequate consideration of relator's participation/completion of additional programs and his positive institutional behavior even though the Parole Board decision does specifically list the programs in which he has participated. Thus, the magistrate concluded that the Parole Board did not abuse its discretion in denying parole. We agree with the magistrate's conclusion.

{¶ 7} Relator now argues that the Parole Board abused its discretion when it continued his parole hearing for 59 months after having noted relator's participation/ completion of additional programs and his positive institutional behavior. Relator, however, has cited no authority requiring the Parole Board to grant him a shorter continuance. Ohio Adm.Code 5120:1-1-10, applicable to initial and continued Parole Board hearing dates, provides, in relevant part, as follows:

> (A) The initial hearing for each inmate serving an indeterminate sentence shall be held on or about the date when the prisoner first becomes eligible for parole pursuant to rule 5120:1-1-03 of the Administrative Code.
>
> (B) In any case in which parole is denied at a inmate's regularly constituted parole hearing, the parole board shall:
>
> * * *
>
> (2) Set the time for a subsequent hearing, *which shall not be more than ten years after the date of the hearing*.

(Emphasis added.)

{¶ 8} Because a 59-month continuance is well within the guidelines set forth in the Ohio Administrative Code and because we have agreed with the magistrate's conclusion that the Parole Board gave adequate consideration to relator's participation/completion of additional programs and his positive institutional behavior, we overrule relator's first and second objections.

## B. Third Objection

{¶ 9}   In his third objection, relator argues that the magistrate erred by denying his motion to join the "Ohio Adult Parole Authority" and the "Ohio Adult Parole Authority, Chair" as parties to this action.   The magistrate expressly considered and rejected the joinder argument raised in relator's third objection.   We agree with the magistrate and for the reasons set forth in the magistrate's decision, we overrule relator's third objection.

## C. Fourth Objection

{¶ 10} In relator's fourth objection, relator takes exception to the magistrate's determination that relator has an adequate remedy at law in the form of a civil action against DRC pursuant to 42 U.S.C. 1983 and the decision of the Sixth Circuit Court of Appeals in *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir.2003).   In *State ex rel. Watson v. Ohio Adult Parole Auth.*, 10th Dist. No. 03AP-262, 2003-Ohio-6931, this court made the following observations about the *Dotson* case:

> In *Dotson*, * * * an inmate appealed the trial court's dismissal of his action under 42 U.S.C. § 1983, and the sole issue on appeal was whether the trial court erred in holding that the inmate's challenge to the application of the parole eligibility guidelines was cognizable under Section 1983.   The court did not reach the question of whether the guidelines had been lawfully or unlawfully applied.   The court held only that the inmate's suit was cognizable under Section 1983, and it reversed and remanded for further proceedings.

*Id.* at ¶ 22.

{¶ 11} Here, the magistrate found that "relator does not challenge respondents' application of the Ohio Administrative Code provisions which pertain to parole eligibility."   (Mag.'s Decision at ¶ 32.)   Relator does not dispute this finding.   Given the fact that relator's complaint does not challenge the application of the Ohio Administrative Code which pertains to parole eligibility, relator's claim in this case differs from the 42 U.S.C. 1983 claim recognized in *Dotson.*   Consequently, we sustain relator's fourth objection.

{¶ 12} Nevertheless, because we have adopted the magistrate's conclusion that the facts alleged in relator's complaint fail to show that he has a clear legal right to the

requested relief or that the Parole Board has a clear legal duty to either grant him a new parole hearing or advance the date of his third parole hearing, relator cannot establish his entitlement to a writ of mandamus as a matter of law.

{¶ 13} Having conducted an independent review of the record in this matter, we find that the magistrate has determined the pertinent facts and properly applied the relevant law with the single exception noted herein. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law as modified herein.  For the reasons set forth in the magistrate's decision and those expressed herein, relator's first, second, and third objections are overruled, and relator's fourth objection is sustained.  We hereby modify the magistrate's decision to reflect that relator does not have an adequate remedy at law, but we adopt the remainder of the magistrate's conclusions of law and the recommendation.

*Petition for writ of mandamus dismissed.*

BROWN and KLATT, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Harold Stith,               :

      Relator,                                      :

v.                                                            :                    No. 15AP-1079

Ohio [Department] of                            :                    (REGULAR CALENDAR)
Rehabilitation & Correction
Director Gary Mohr,                             :
Ohio Adult Parole Authority,
Ohio Adult Parole Board, Chair,          :
and Operation Support Center,
                                                              :
      Respondents.
                                                              :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 16, 2016

---

*Harold Stith,* pro se.

*Michael DeWine,* Attorney General, and *B. Alexander Kennedy,* for respondents.

---

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 14} Relator, Harold Stith, has filed this original action requesting that this court issue a writ of mandamus ordering respondents to grant him an additional parole hearing.

Findings of Fact:

{¶ 15} 1. Relator is an inmate currently incarcerated at Pickaway Correctional Institution.

{¶ 16} 2. On November 30, 2015, relator filed this complaint for a writ of mandamus alleging that he had not been provided meaningful consideration at his parole hearing on March 21, 2013.

{¶ 17} 3. Relator attached to his complaint two parole board decisions, one from November 12, 2010, and the parole board decision at issue here from March 21, 2013.

{¶ 18} 4. Relator appears to acknowledge that he received a meaningful review in 2010 noting that the board specifically indicated that he participated in the OASIS program. In that 2010 decision, the board provided the following rationale for not granting relator parole at that time:

> I/M confronted the V who was with 5 of his friends, in the parking lot of the V's apartment. Victim and I/M did not know each other. An argument ensued, then a physical fight and I/M went for a gun in his vehicle. The V was shot 2 times. The witnesses (V's friends) then beat the I/M who was there when police arrived. I/M also had a drug abuse charge for possession of cocaine. I/M admits he was running the streets at the time and selling drugs. **I/M has had a lot of programming and is in the OASIS program**. Took responsibility for the crime. Release at this time would not be in the interest of justice.

(Emphasis added.)

{¶ 19} 5. Relator asserts that the board's rationale for denying him parole in 2013 lacked evidence of the meaningful consideration he received in 2010. The board's decision denying him parole provides:

> Inmate Stith is currently serving his 2nd prison number which occurred while on parole. Inmate Stith is noted as moderate risk to re-offend. **He has taken some relevant programs and showed some positive offender change and motivation.** However, he has an extensive history of criminal offenses, including violence, and not being successful on supervision. Inmate Stith's case is aggravated by the case-specific factors of violence. The aggravating factors in this case lead the Central Office Board Review to conclude that release would demean the seriousness of the offenses and not further the interest of justice. After weighing relevant factors, the Board does not consider the inmate suitable for release at this time and assesses a five year continuance.

(Emphasis added.)

{¶ 20} 6. In 2013, the board noted that relator had "taken some relevant programs and showed some positive offender change and motivation," but failed to specifically list any programs he had completed.

{¶ 21} 7. On December 30, 2015, respondents filed a motion to dismiss arguing that relator cannot demonstrate entitlement to a writ of mandamus because he has other plain and adequate remedies available at law, he does not have a clear legal right to the relief requested, and respondents do not have a clear legal duty to provide the relief requested.

{¶ 22} 8. On January 11, 2016, relator requested an extension of time to reply to respondents' motion to dismiss and to file a motion for summary judgment.

{¶ 23} 9. On January 19, 2016, the magistrate put on an order granting relator an extension of time until February 12, 2016.

{¶ 24} 10. On January 20, 2016, relator filed a request for joinder asking to join the Ohio Adult Parole Authority and the Ohio Adult Parole Board Chair as respondents in this action. Those parties had been listed in his original complaint; however, they had not been formally served.

{¶ 25} 11. On January 25, 2016, respondents filed a response to relator's motion for joinder asserting that joinder was not necessary here where respondents had plainly demonstrated in their motion to dismiss that relator had no right to the relief prayed for, that there are no respondents who have a legal duty to perform the requested acts, and that relator had a plain and adequate remedy at law.

{¶ 26} 12. On February 4, 2016, relator filed a response to respondents' motion to dismiss and a motion for summary judgment to which he attached a memo dated March 31, 2010 directed to all parole eligible inmates from C. Mausser, parole board chair, advising them that, effective April 1, 2010, the Ohio Parole Board would not be using the *Ohio Parole Board Guidelines Manual,* but would instead give every inmate meaningful consideration and exercise its discretionary release and authority by using the Ohio Statutory and Administrative Code provisions. Relator also attached a letter dated October 22, 2012, addressed to an unidentified inmate regarding a letter that inmate sent concerning the implementation of new parole board guidelines and advising

that unknown inmate that the parole board would no longer be using a guidelines system, but would instead be giving every parole eligible inmate meaningful consideration at their hearing.

{¶ 27} 13. On February 12, 2016, respondents filed two motions. The first motion was a reply to relator's memorandum contra to respondents' motion to dismiss and the second was a motion to stay the response date to relator's motion for summary judgment.

{¶ 28} 14. The matter is currently before the magistrate on motions.

<u>Conclusions of Law</u>:

{¶ 29} For the reasons that follow, it is this magistrate's decision that this court should grant respondents' motion and dismiss relator's complaint.

{¶ 30} In considering the motion to dismiss, the magistrate treats all factual allegations of the complaint as if proven and makes all reasonable inferences in favor of relator. *See Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190 (1988). The magistrate treats relator's documents as additional allegations of the complaint and accepts them as such.

{¶ 31} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). A writ cannot issue to control the respondents' exercise of discretion, but it can be issued to compel a public officer to engage in the exercise of discretion when there is a clear legal duty to do so. *State ex rel. Martin v. Corrigan,* 25 Ohio St.3d 29 (1986).

{¶ 32} In the present case, relator does not challenge respondents' application of the Ohio Administrative Code provisions which pertain to parole eligibility. Relator's focus is on what he perceives to be respondents' failure to consider his participation and/or completion of certain programs which reflect on his positive change. The only basis upon which this argument is founded is the fact that, in 2010, the board had specifically noted that he was participating in the OASIS program, but did not list any specific programs in 2013.

{¶ 33} The magistrate finds that there is no significant difference between the rationale the board provided relator in 2010, and the rationale the board provided relator in 2013. Specifically, as noted in the findings of fact, in 2010 the board noted that relator "has had a lot of programming and is in the OASIS program." In 2013, the board noted relator "has taken some relevant programs and showed some positive offender change and motivation."

{¶ 34} It is apparent that, when the board considered relator for parole in 2010, the board noted that relator had participated in several programs. In 2013, the board also acknowledged that relator had participated in relevant programs and that he had actually showed some positive change and motivation. The fact that the board did not specifically identify any of those programs by name is not evidence that relator did not receive meaningful review and he cannot show that he has a clear legal right to have the programs in which he participated specifically listed in the rationale for denying him parole or that respondents are under any duty to specifically list each and every program in which an inmate had participated. For those reasons alone, this court should grant respondents' motion to dismiss.

{¶ 35} The magistrate notes further that relator does have a plain and adequate remedy in the ordinary course of law. In *Dotson v. Wilkinson,* 300 F.3d 661 (2002), an inmate had appealed the trial court's dismissal of his action under 42 U.S. 1983, and the sole issue on appeal was whether the trial court erred in holding that the inmate's challenge to the application of the parole eligibility guidelines was cognizable under 42 U.S. 1983. The court did not reach the question of whether the guidelines had been lawfully or unlawfully applied. The trial court held only that the inmate's suit was cognizable under 42 U.S. 1983, and it reversed and remanded the action for further proceedings.

{¶ 36} As respondents assert in their motion to dismiss, relator does have an adequate remedy at law by pursuing an action under 42 U.S. 1983.

{¶ 37} To the extent that relator argued that this court should permit him to join certain respondents who were named, but not served, the magistrate denies his motion finding that the respondents who were served adequately represented any and all of the named respondents. As such, relator's motion for joinder is denied.

{¶ 38} Based on the foregoing, it is this magistrate's decision that relator has not stated a claim upon which relief in mandamus can be granted and this court should grant respondents motion to dismiss.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).